

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSHUA ORONA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATAGONIA, INC.,<br><br>Defendant. | Case No. 25cv0140-LL-AHG<br><br>**ORDER GRANTING IN PART DEFENDANT PATAGONIA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[ECF No. 15] |

Before the Court is Defendant Patagonia, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 15 ("Motion to Dismiss" or "Motion"). Plaintiff Joshua Orona filed an opposition to the Motion, to which Patagonia replied. ECF Nos. 16, 17. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). ECF No. 18. For the reasons stated below, the Court **GRANTS IN PART** Patagonia's Motion to Dismiss.

1

## I.     BACKGROUND

Patagonia is a retailer that operates brick-and-mortar stores and also sells its own goods via its website, Patagonia.com. *Id.* ¶¶ 17, 20. Generally speaking, Plaintiff alleges that Patagonia engages in deceptive pricing through its marketing strategy known as "strikethrough pricing" or "false reference pricing." FAC ¶¶ 3, 6. Plaintiff explains that this scheme involves advertising a "former" price of a product which is then crossed out and replaced with a purportedly discounted price. *Id.* ¶ 3. For example, Plaintiff contends that Patagonia advertises many of its products on sale, sometimes at a discount of more than 50%, from the "regular" or "normal" price of the item. *Id.* ¶ 6. But Plaintiff maintains that these sales are false and deceptive because Patagonia "rarely, if ever, offers the products for the reference price." *Id.* ¶ 7. Instead, the "sale" price is the price at which Patagonia regularly sells the product. *Id.*

Plaintiff is a consumer who, on June 6, 2024, purchased a Graphic Maclure Hat (the "Hat") from Patagonia via its website. *Id.* ¶¶ 54–58. According to Plaintiff, Patagonia advertised that the Hat was on sale for $23.99 from the regular price of $49. *Id.* ¶ 55. Plaintiff purchased the Hat believing that this was a significant discount, and that the Hat would not be available for long. *Id.* ¶ 56. But according to Plaintiff, $49 was not the actual regular price of the Hat because it was not sold at that price during the preceding four months. *Id.* ¶¶ 60–61. Thus, Plaintiff contends he was deceived into making this purchase. *Id.* ¶ 63.

Plaintiff seeks to represent a class of nationwide consumers (the "Nationwide Class") and subclass of California consumers (the "California Subclass") who purchased falsely discounted products from Patagonia. *Id.* ¶ 11. He brings the following eight claims: (1) fraud – intentional misrepresentation and omission on behalf of himself and the Nationwide Class; (2) negligent misrepresentation on behalf of himself and the Nationwide Class; (3) breach of contract on behalf of himself and the Nationwide Class; (4) unjust enrichment on behalf of himself and the Nationwide Class; (5) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA") on behalf of

25cv0140-LL-AHG

himself and the California Subclass; (7) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17501 *et seq.* ("FAL") on behalf of himself and the California Subclass; and (8) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL") on behalf of himself and the California Subclass.

## II.    LEGAL STANDARD

Rule 12(b)(6)[1] permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,'" it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A "formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

---

[1] The term "Rule" refers to the Federal Rules of Civil Procedure, unless otherwise indicated.

25cv0140-LL-AHG

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). The Court may deny leave to amend where an amendment would be futile. *Desoto*, 957 F.2d at 658 (citation omitted).

## III.   REQUEST FOR JUDICIAL NOTICE

In support of its motion, Patagonia asks the Court to take judicial notice of ten exhibits: (A–D) July 11, 2025 screenshots from other retailers' websites; (E) a July 11, 2025 screenshot from Patagonia's website; (F) an October 1, 2024 letter from Patagonia's counsel to Plaintiff regarding his CLRA claim; (G–H) May 29, 2025 screenshots from Patagonia's website; (I) an excerpt from Volume 30 of the *Opinions of the Attorney General of California*; and (J) Plaintiff's CLRA notice letter dated August 1, 2024. Plaintiff opposes Patagonia's request. ECF No. 15-1.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)). However, "a court may take judicial notice of matters of public record," *id.* at 999 (quoting *Lee*, 250 F.3d at 689), and of "documents whose contents are alleged in a complaint and whose authenticity no party

25cv0140-LL-AHG

questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)).

Beginning with Exhibits F, I, and J, Plaintiff seemingly does not oppose Patagonia's request that the Court judicially notice these exhibits. *See* ECF No. 16-1. As to Exhibit J, Plaintiff pleads the existence of this letter in his First Amended Complaint. FAC ¶ 151. Because this letter and its contents are alleged in the First Amended Complaint, and the parties do not dispute its authenticity, the Court finds Exhibit J is appropriate for judicial notice. The Court similarly finds that Exhibit I is appropriate for judicial notice as it is an excerpt of *Opinions of the Attorney General of California*, 30 Ops. Cal. Atty. Gen. 127 (1957), which is both publicly available and not reasonably in dispute. As such the Court **GRANTS** Patagonia's request and judicially notices Exhibits I and J.

The relevancy of Exhibit F is unclear. According to Patagonia, it is offered to establish "[t]he fact that Patagonia responded to Plaintiff's counsel's CLRA notice letter with examples showing the hat continued to be offered at the allegedly deceptive reference price of $49." ECF No. 16-1 at 3.[2] But whether Plaintiff's counsel was informed prior to filing suit that Patagonia disputes his allegations is immaterial to the present motion. *See Neylon v. Cnty. of Inyo*, No. 1:16-CV-0712-AWI-JLT, 2016 U.S. Dist. LEXIS 161326, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied."); *Jimenez v. Storey Hotel Mgmt. Grp., Ltd. Liab. Co.*, No. 2:22-cv-01112-JAM-DB, 2023

---

[2] Citations to page numbers in docketed materials refer to the CM/ECF page number printed at the top of each page.

25cv0140-LL-AHG

U.S. Dist. LEXIS 29271, at *4 (E.D. Cal. Feb. 21, 2023) (same). Accordingly, the Court **DENIES** Patagonia's request that the Court judicially notice Exhibit F.

Exhibits A–D and G–H are screenshots of both Patagonia's and various other retailers' websites. As a preliminary point, Plaintiff does not question the authenticity of these screenshots. Instead, he argues that Patagonia's request goes beyond Federal Rule of Evidence 201 because it asks the Court to accept as true the factual allegations contained in the screenshots. *Id.* at 2. Plaintiff also argues that the existence of the screenshots is unnecessary to the resolution of Patagonia's Motion. *Id.* at 3.

"In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). And many courts have found that "[j]udicial notice is proper over websites . . . in consumer protection advertising actions." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021); *see also Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (taking judicial notice sua sponte over printouts from the defendant's website and Amazon.com listing); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of screenshots taken from a website and referenced in the complaint). But in *Khoja*, the Ninth Circuit cautioned against the use of judicial notice to allow defendants to "use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." 899 F.3d at 1002. At the motion to dismiss stage, the question is not whether Patagonia in fact falsely advertised a sale of the Hat at a discounted price, but whether Plaintiff has adequately stated a claim for, for example, false advertising. To allow Patagonia to submit more than ten exhibits, depicting nearly thirty different screenshots of websites, disputing Plaintiff's core allegation that Patagonia's sale prices are deceptive would permit Patagonia to "short-circuit the resolution of a well-pleaded claim." *Id.*; *see also Purcelley v. Ekster Inc.*, No. 2:23-cv-07908-WLH-JC, 2024 U.S. Dist. LEXIS 62589, at *7 (C.D. Cal. Apr. 4, 2024). For this reason, the Court **DENIES** Patagonia's request for judicial notice of Exhibits A–D and G–H.

25cv0140-LL-AHG

## IV.   DISCUSSION

Turning to the substance of Patagonia's Motion, Patagonia moves to dismiss all of Plaintiff's claims on various grounds. *See* ECF No. 15. The Court addresses each of Patagonia's arguments in turn.

### A.   Deceptive or Unlawful Conduct

Patagonia begins by challenging Plaintiff's claims on the basis that he fails to plead Patagonia engaged in deceptive or unlawful conduct. ECF No. 15 at 17–19. As a threshold matter, the parties appear to agree that all of Plaintiff's claims sound in fraud. *See, e.g.*, FAC ¶¶ 88, 99, 112–116, 121–123, 137, 156, 168, 179; ECF No. 15 at 16; ECF No. 16 at 9 (arguing that "[t]his case surrounds a retail pricing scheme by which Defendant tricked consumers with deceptive and misleading practices"). Pursuant to Rule 9(b), a party alleging fraud must "state with particularity the circumstances constituting fraud . . . ," Fed. R. Civ. P. 9(b), including "the who, what, when, where, and how of the misconduct charged," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Here, Plaintiff alleges that on June 6, 2024, while browsing Patagonia's website, he saw an advertisement boasting "savings" on various products, including the Hat. FAC ¶ 54–55. Namely, Patagonia listed the Hat on sale for $23.99 from its original price of $49. *Id.* ¶ 55. Relying on this apparent 53% discount, and believing the Hat would not be available for long, Plaintiff purchased the Hat. *Id.* ¶¶ 56, 58. However, Plaintiff contends this was, essentially, a fake sale because Patagonia did not sell the Hat at the reference price of $49 during the months preceding his purchase. *Id.* ¶¶ 60–61.

The Court finds these allegations satisfy the who, what, where, and when of the alleged fraud. The question of how is more elusive. Plaintiff does not allege that $49 was

7

not the original price of the Hat. He only goes so far as to say the Hat was "not worth the reference price listed." FAC ¶ 67. But in order for Plaintiff to maintain a case for fraud, he must sufficiently explain how the advertised sale of the Hat was false or misleading. While Plaintiff alleges that the Hat was not listed for sale for $49 during the preceding months, he does not allege that the Hat was *never* listed for sale at that price. So the Court cannot plausibly infer that the $49 reference price is false. Instead, Plaintiff appears to maintain that the reference pricing is misleading because the Hat had been on sale for so long prior to his purchase that it was no longer a sale; that the advertised sale had grown stale because the reference price was no longer representative of the market price of the Hat. In support of his theory, he relies on various state and federal authorities. FAC ¶¶ 33–36.

The Federal Trade Commission ("FTC") has identified "former price comparisons" as "[o]ne of the most commonly used forms of bargain advertising." 16 C.F.R. § 233.1 (a). According to the FTC, where "the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the 'bargain' being advertised is a false one." *Id.* Plaintiff maintains, generally, that Patagonia's reference prices are not bona fide prices at which its products are regularly sold. FAC ¶¶ 31, 38–39. He also contends that Patagonia inflates its reference prices and then offers a sale on the items. *See, e.g.*, FAC ¶¶ 7, 10, 41, 46, 62, 122, 139, 178.

Plaintiff also relies on state law. California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200 *et seq*. The CLRA similarly prohibits "unfair methods of competition and unfair or deceptive acts or practices. Cal. Civ. Code § 1770 *et seq.* Plaintiff also relies on two sections of the FAL. Section 17500 prohibits businesses from disseminating "untrue or misleading" statements in connection with the sale of goods or services. Cal. Bus. & Prof. Code § 17500. And section 17501 specifically prohibits false statements about the former prices of goods. Cal. Bus. & Prof. Code § 17501. The parties' focus here is on this statute, the FAL's "Former Price Law," which provides in full:

25cv0140-LL-AHG

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. § 17501. As this court has succinctly explained: "Claims brought under section 17501 are limited to either false claims of former prices or former prices that are stale for longer than three months." *Calcagno v. Kipling Apparel Corp.*, No. 23-cv-2247-BAS-BLM, 2024 U.S. Dist. LEXIS 115895, at *18–19 (S.D. Cal. July 1, 2024).

According to Patagonia, Plaintiff's reliance on this statute is misplaced because he fails to allege that $49 was not the prevailing market price of the Hat in the preceding months. But Plaintiff alleges at length that Patagonia advertises the Hat, and many other products, for sale on its own website for prolonged periods. FAC ¶¶ 8–9, 47 49–52, 55. He also contends that as a result, the reference price of the Hat is not the prevailing market price. *Id.* ¶¶ 39, 101, 159. The parties' dispute here boils down to whether a plaintiff must identify the prices charged by other retailers in his complaint in order to plausibly support the allegation that a listed reference price is not the "prevailing market price." Having surveyed the landscape of available authority, it appears that the majority of district courts to consider this question have said no.

This line of authority traces back to the district court decision of *Knapp v. Art.com, Inc.*, No. 16-cv-00768-WHO, 2016 U.S. Dist. LEXIS 78128, at *15 (N.D. Cal. June 15, 2016). In *Knapp*, the district court found that where a plaintiff alleges the defendant consistently sells its products lower than its advertised former prices, he "does not need to identify prices charged by other retailers to plausibly establish that [the defendant]'s advertised former prices are higher than prevailing market prices." *Id.* at *16. Then, in *People v. Superior Court (J.C. Penney Corp., Inc.)*, 34 Cal. App. 5th 376, 397 (Cal. 2019), the California Court of Appeal had occasion to interpret section 17501 and it rejected the suggestion "that the statutory term 'prevailing market price' means the price in a single 'market,' understood as the business operation of the retailer making the price claim.

25cv0140-LL-AHG

Regarding "in-house goods"—goods sold only by the retailer making the advertisement—the Court of Appeal noted that "when a retailer sells in-house goods, the retailer's *actual* prices regarding those goods constitute their market prices." *J.C. Penney Corp.*, 34 Cal. App. 5th at 409 (emphasis in original). As to "nonexclusive goods," the Court of Appeal observed that "the market for each nonexclusive item advertised . . . consists of all the retailers selling the 'advertised item' . . . . In those markets, the [retailer's] actual price for a nonexclusive item will not establish the item's prevailing market price." *Id.* at 416. Nevertheless, the Court of Appeal cited approvingly to *Knapp*, ultimately finding that "the factual allegation that [the retailer's] advertised former prices were consistently higher than their actual prices supports the inference that those advertised prices were not the prevailing market prices during the requisite three-month period." *Id.* at 417.

Following *J.C. Penney Corp.*, courts have continued to follow *Knapp*, with at least one district court noting that the two cases were not inconsistent:

> But *Knapp* does not conflict with *J.C. Penney* because *Knapp* is not about the definition of "prevailing market price." Instead, *Knapp* addresses what a plaintiff must plead in order to establish that the advertised former price was not the prevailing market price. *Knapp*'s holding that a plaintiff "does not need to identify prices charged by other retailers to plausibly establish that ... advertised former prices are higher than prevailing market prices," 2016 U.S. Dist. LEXIS 78128, 2016 WL 3268995, at *5, is entirely consistent with a definition of "prevailing market price" that is based on the "common or predominant price among the sellers in the market where the item is advertised," *J.C. Penney*, 34 Cal. App. 5th at 412. In other words, while a plaintiff must eventually determine the prices charged by other sellers in the market where an item is advertised in order to prove the prevailing market price, they need not identify the actual prices charged by other retailers in order to state a claim.

*Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 726 (N.D. Cal. 2024).

Other courts have agreed. *See, e.g.*, *Lawyer v. Homary Int'l Ltd.*, No. 24-cv-04113-HSG, 2025 U.S. Dist. LEXIS 108095, at *13 (N.D. Cal. June 2, 2025); *Evans v. Sleep No. Corp.*, No. 1:24-cv-01136-KES-SAB, 2025 U.S. Dist. LEXIS 69807, at *16 (E.D. Cal.

25cv0140-LL-AHG

Apr. 11, 2025); *Baasil Khan v. Brooklyn Bedding LLC*, No. 24-cv-06271-RFL, 2025 U.S. Dist. LEXIS 48777, at *7 (N.D. Cal. Feb. 21, 2025); *Broomes v. Fullbeauty Brands Operations, LLC*, No. 24-cv-03558-RFL, 2025 U.S. Dist. LEXIS 48776, at *5 (N.D. Cal. Jan. 31, 2025); *Gonzalez v. Childs. Place, Inc.*, No. SACV 22-0816 JGB (KESx), 2024 U.S. Dist. LEXIS 213358, at *24 (C.D. Cal. Nov. 21, 2024); *Calcagno*, 2024 U.S. Dist. LEXIS 115895, at *20; *Crowder v. Shade Store, LLC*, No. 23-cv-02331-NC, 2024 U.S. Dist. LEXIS 114470, at *10 (N.D. Cal. June 26, 2024); *Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 U.S. Dist. LEXIS 72676, at *14 (N.D. Cal. Mar. 28, 2024).

The Court agrees with Patagonia in principle: ultimately the prevailing market price of an item will necessarily consider the prices at which it is sold by other retailers if the product is a nonexclusive good. But for the purpose of surviving a motion to dismiss, the Court follows the line of cases holding that information regarding these other retailers need not be alleged in order to plausibly infer from the complaint that the former price is not the prevailing market price because, as one court explained, "the Court can infer for purposes of the present motion that [Patagonia] would not continually sell products for prices at least [50]% less than the market rates at which those products are offered elsewhere." *Vizcarra*, 710 F. Supp. 3d at 727. For this reason, the Court **DENIES** Patagonia's Motion to Dismiss.

## B.    Reasonable Consumer Test

Next, Patagonia contends that Plaintiff fails to satisfy the reasonable consumer test. To allege a claim under the UCL, FAL and CLRA, a plaintiff must allege a defendant's representations are likely to deceive a "reasonable consumer." *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) ("It is true that violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer.'"); *see also Vizcarra*, 710 F. Supp. 3d at 728 ("Claims under the FAL, UCL, and CLRA 'are governed by the reasonable consumer test.'") (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). Under this standard, the plaintiff must allege facts that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496,

25cv0140-LL-AHG

508 (Cal. Ct. App. 2003). "California courts . . . have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams*, 552 F.3d at 938. The question is whether a plaintiff "could plausibly prove that a reasonable consumer would be deceived." *Id.* at 940. Dismissal on the basis that the statements are not misleading is granted only where the court can determine from the alleged facts that no reasonable consumer could be deceived by the representations. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 967 (9th Cir. 2016).

Here, Plaintiff has alleged facts that—if true—could establish that Patagonia's advertising is false, misleading, or capable of deceiving or confusing the public. The essence of his theory, described in more detail above, is that Patagonia's advertised sales are misleading because their products are always on sale and so customers never have to pay the listed reference price. It is plausible that the reasonable consumer would believe that the reference price listed on Patagonia's website represents the price at which the item is ordinarily sold in the market—the prevailing market price of the item. And, as discussed above, Plaintiff plausibly alleges that these reference prices are not the prevailing market prices. Consequently, the Court finds that Plaintiff has adequately pleaded that Patagonia's reference pricing sales would deceive the reasonable consumer. For this reason, the Court **DENIES** Patagonia's Motion to Dismiss.

### C. Common Law Claims

Defendant separately moves to dismiss Plaintiff's common law claims. Plaintiff brings his first four claims—for fraud – intentional misrepresentation, negligent misrepresentation, breach of contract, and unjust enrichment, respectively—pursuant to common law. But, as Patagonia points out, he fails to identify the applicable law governing these claims. ECF No. 15 at 24. According to the First Amended Complaint, Plaintiff seeks to represent the Nationwide Class and in his opposition, Plaintiff contends that either California law "or the laws of all 50 states" governs his claims. ECF No. 16 at 18. According to Plaintiff, issues "concerning conflicting laws of Class members is appropriately reserved for class certification." *Id.*

The question of whether Plaintiff can pursue common law claims on a nationwide basis implicates Article III's standing requirement and is informed by the Ninth Circuit's discussion in *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022). Neither Article III nor *Mazza* are mentioned by the parties in their discussion on this issue. But in any event, Patagonia is correct that Plaintiff's common law claims are subject to dismissal for failure to identify the applicable, governing law. *See, e.g.*, *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016) ("[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.") (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011)). For this reason, the Court **GRANTS** Patagonia's motion and **DISMISSES** Plaintiff's common law claims (Claims 1, 2, 3, and 4).

Nevertheless, to the extent Plaintiff seeks to press his common law claims pursuant to California law, the Court addresses Patagonia's arguments.

### 1. Economic-Loss Rule

Patagonia argues that Plaintiff's common law claims for intentional misrepresentation and negligent misrepresentation must be dismissed pursuant to the economic-loss doctrine. ECF No. 15 at 24. Under the economic loss doctrine, "purely economic losses are not recoverable in tort." *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013) (citation omitted); *Lusinyan v. Bank of Am., N.A.*, No. CV-14-9586 DMG (JCX), 2015 U.S. Dist. LEXIS 193866, 2015 WL 12777225, at *4 (C.D. Cal. May 26, 2015) ("[P]laintiffs may recover in tort for physical injury to person or property, but not for 'purely economic losses that may be recovered in a contract action.'") (quoting *S.F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 (Cal. Ct. App. 1995)). The "rule prevents the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004) (internal quotation marks and citation omitted). "California courts recognize

25cv0140-LL-AHG

several exceptions to the economic loss rule, including violations of certain duties independent of the parties' contractual duties." *Arechiga v. Ford Motor Co.*, No. SACV1701915AGDFMX, 2018 U.S. Dist. LEXIS 228144, 2018 WL 5904283, at *4 (C.D. Cal. Apr. 23, 2018) (citing *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1180 (C.D. Cal. 2009)); *see also Oracle USA, Inc. v. XL Glob. Servs.*, No. C 09-00537 MHP, 2009 U.S. Dist. LEXIS 59999, at *13 (N.D. Cal. July 13, 2009) ("Exceptions have been permitted only where: a breach of duty causes a physical injury; the covenant of good faith and fair dealing is breached in an insurance contract; an employee was wrongfully discharged in violation of a fundamental public policy; or a contract was fraudulently induced."). The California Supreme Court has explained that "the economic loss rule does not apply to limit recovery for intentional tort claims like fraud. The doctrine only applies to bar tort recovery for negligently inflicted economic losses unaccompanied by physical or property damage . . . ." *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 38 (Cal. 2024).

Here, Plaintiff's breach of contract claim relies on the allegation that Patagonia offered the Hat for sale at a specific discount but failed to provide the promised discount. FAC ¶¶ 112–16. This is the same conduct underlying Plaintiff's claim for negligent misrepresentation. *Id.* ¶ 100 (alleging the discount advertised "was not a true discount"). Plaintiff does not allege any misconduct apart from the allegedly false discount, nor does he claim any personal or property injury. Rather, he seeks purely economic recovery. *Id.* ¶¶ 109, 117. As such, the economic loss doctrine appears to bar Plaintiff's negligent misrepresentation claim. Plaintiff has seemingly conceded this point, as his opposition is devoid of argument in defense of this claim under the rule. *See* ECF No. 16. Accordingly, the Court **GRANTS** Patagonia's Motion to Dismiss Plaintiff's negligent misrepresentation claim (Claim 2) **with prejudice**.

That said, because the California Supreme Court has stated that the economic loss doctrine does not apply to intentional torts like fraud, and Patagonia only cites to cases pre-dating that authority, the Court **DENIES** Patagonia's Motion to Dismiss Plaintiff's

25cv0140-LL-AHG

common law fraud claim (Claim 1) pursuant to the economic loss doctrine without prejudice to renewing this argument at a later stage of the litigation.

### 2. Unjust Enrichment

Patagonia also maintains that there is "no such thing" as a claim for unjust enrichment. ECF No. 15 at 24. There is a mix of authority on this issue. *See Cosmonova, LLC v. BioFilm, Inc.*, 763 F. Supp. 3d 1157, 1171 (S.D. Cal. 2025) (noting the split in authority). Many courts, including the Ninth Circuit, have found that California does not recognize unjust enrichment as a standalone cause of action. *See, e.g.*, *Astiana v. Hain Celestial Grp., Inc*, 783 F.3d 753, 762 (9th Cir. 2015) (stating that "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'") (citations omitted); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) (noting that courts have consistently dismissed stand-alone claims for unjust enrichment); *see also Baiul-Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (Cal. Ct. App. 2004)).

On the other hand, some courts have found that a claim of unjust enrichment can proceed as a quasi-contract claim. For example, the Ninth Circuit has also allowed an unjust enrichment claim to proceed "as an independent cause of action or as a quasi-contract claim for restitution.'" *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016)). "In such cases, a plaintiff may not recover on both claims that an enforceable, binding contract exists and unjust enrichment, but it may plead both as alternatives to one another." *Cosmonova*, 763 F. Supp. 3d at 1171 (citing *Clear Channel Outdoor, Inc. v. Bently Holdings Cal. LP*, No. C-11-2573 EMC, 2011 U.S. Dist. LEXIS 140764, at *27 (N.D. Cal. Dec. 7, 2011)).

Given that the case law is unsettled, and because Plaintiff pleads his claim for unjust enrichment in the alternative, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's unjust enrichment claim (Claim 4) without prejudice to raising this argument at a later stage of this litigation.

/ / /

25cv0140-LL-AHG

### 3.   Breach of Contract

Patagonia further contends that Plaintiff's breach of contract claim fails both procedurally and substantively. ECF No. 15 at 26–28. As to Patagonia's procedural argument, the parties appear to agree that California Commercial Code § 2607(3)(A) applies to Plaintif's breach of contract claim. *See id.*; *see also* ECF No. 16 at 19. Section 2607(3)(A) mandates that a buyer, "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Cal. Comm. Code § 2607(3)(A). "To avoid dismissal of a breach of contract or breach of warranty claim in California, '[a] buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach.'" *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011) (quoting *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010)). "The purpose of giving notice of breach is to allow the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court." *Id.* (citing *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (Cal. Ct. App. 2008)).

Patagonia does not dispute that it received a pre-suit letter from Plaintiff. Indeed, it is Patagonia who offers the August 1, 2024 letter to the Court. ECF No. 15-11 ("Def. Ex. J"). Instead, Patagonia argues that this letter merely provided notice of Plaintiff's CLRA claim and made no mention of any alleged breach of contract. ECF No. 15 at 26–27. Plaintiff argues that his letter is either sufficient or that the question of whether he gave Patagonia reasonable notice is a factual question not appropriate for resolution at the pleadings stage. ECF No. 16 at 19–20.

Plaintiff does not plead compliance with California Commercial Code § 2607(3)(A). He only pleads that he served Patagonia with CLRA notice pursuant to California Civil Code § 1782(a) by way of his August 1, 2024 letter. FAC ¶ 151. He also does not plead that the contents of the letter gave reasonable notice of his breach of contract claim as is required under the California Commercial Code. However, as Plaintiff notes in his opposition, in his letter he accuses Patagonia of "falsely advertising product prices and

16

25cv0140-LL-AHG

discounts," Def. Ex. J at 3, and this appears to be the same basis on which Plaintiff asserts his breach of contract claim, FAC ¶¶ 112–16.

Patagonia relies on *Evans v. DSW, Inc.*, No. CV 16-3791 JGB (SPX), 2017 WL 7058232, at *5 (C.D. Cal. Sept. 14, 2017) in support. ECF No. 15 at 27. But as one court in an analogous case recently explained: "*Evans* is readily distinguishable." *Paya v. Macy's Inc.*, 793 F. Supp. 3d 1201, 1211 (C.D. Cal. 2025). Similar to *Paya*, the issue here is not the timing of the letter but its content. And although Patagonia is correct that "breach of contract" is absent from the letter, Patagonia "does not contest that the same factual allegations underlie Plaintiff's CLRA and breach of contract claims." *Id.* Consequently, the Court **DENIES** Patagonia's Motion to Dismiss Plaintiff's breach of contract claim on this basis without prejudice to renewing this argument at a later stage of the litigation.

Next, Patagonia argues that Plaintiff fails to adequately plead his breach of contract claim. ECF No. 15 at 27–28. A plaintiff asserting a claim for breach of contract under California law must show: (1) a legally enforceable contract between the parties; (2) the defendant's breach of that contract; and (3) damage to the plaintiff caused by the defendant's breach. *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017). "In federal court, a plaintiff need not plead the contract terms with unusual specificity. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Soil Retention Prods. v. Brentwood Indus.*, 582 F. Supp. 3d 725, 731 (S.D. Cal. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). "[I]t is not necessary for a plaintiff to allege the terms of an alleged contract with precision if the Court is able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Id.* (first citing *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 2014 WL 4744790, *7 (N.D. Cal. 2014); and then citing *Sierra View Local Health Care Dist. v. Influence Health, Inc.*, 2016 U.S. Dist. LEXIS 59502, 2016 WL 2346799, *5 (E.D. Cal. May 4, 2016)).

Here, Plaintiff alleges that Patagonia offered products for sale under the terms advertised, including the discount listed. FAC ¶¶ 11–13. According to Plaintiff, Patagonia

25cv0140-LL-AHG

breached this contract by failing to provide the listed discount. *Id.* ¶ 116. These allegations provide Patagonia with enough notice of the terms of the contract it allegedly breached to defend itself and are sufficient to state a breach of contract claim. *Paya*, 793 F. Supp. 3d at 1212. Accordingly, the Court **DENIES** Patagonia's Motion to Dismiss Plaintiff's breach of contract claim on this basis as well.

### D.  Equitable Relief

Patagonia also challenges Plaintiff's claims to the extent he seeks equitable relief for lack of standing and for failure to allege he lacks an adequate remedy at law. Before turning to these arguments, the Court recounts the remedies Plaintiff prays for in his First Amended Complaint. In connection with his common law claims for fraud, negligent misrepresentation, and breach of contract, Plaintiff requests monetary damages, both actual and punitive. FAC ¶¶ 95–96, 109, 117. With respect to his unjust enrichment claim, he requests restitution. *Id.* ¶ 129. As to his CLRA claim, Plaintiff pleads that he is entitled to injunctive relief as well as actual and punitive damages. *Id.* ¶¶ 149–50, 152. And in connection with his UCL claim, Plaintiff asks the Court to issue a permanent public injunction and order restitution. *Id.* ¶¶ 186, 191, 193. Plaintiff does not plead that he is entitled to any specific relief for Patagonia's alleged violations of the FAL. *See id.* ¶¶ 153–73. With this in mind, the Court addresses the parties' arguments in turn.

### 1.  Injunctive Relief

Patagonia moves to dismiss Plaintiff's claims for injunctive relief on the ground that Plaintiff lacks standing to pursue such relief. ECF. No. 15 at 28–29. By way of his CLRA (Claim 5) and UCL (Claim 8) claims, Plaintiff seeks injunctive relief. FAC ¶¶ 149, 191. Prospective injunctive relief requires a plaintiff to show a threat of future injury that is "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of

25cv0140-LL-AHG

future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (quoting *Summers*, 555 U.S. at 493). To establish standing for injunctive relief, the previously deceived consumer must sufficiently allege "an imminent or actual threat of future harm caused by [the] allegedly false advertising," such as a desire to purchase the product again in the future. *Id.* at 970. "In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 969–70. "In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 970.

Here, Plaintiff has alleged that he seeks to purchase products from Patagonia in the future and that he is susceptible to being harmed again because he cannot know what sales are real or fake and cannot be certain that Patagonia has corrected its allegedly deceptive pricing scheme. *See* FAC ¶ 68. This is sufficiently plausible at this stage under *Davidson* to demonstrate standing for injunctive relief. Accordingly, the Court **DENIES** Patagonia's motion on this basis.

### 2.      Inadequacy of Legal Remedies

"[E]quitable relief is not appropriate where an adequate remedy exists at law." *Schroeder v. U.S.*, 569 F.3d 956, 963 (9th Cir. 2009); *see also Guzman v. Polaris Indus.*, 49 F.4th 1308, 1313 (9th Cir. 2022) ("In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Courts have extended this requirement to FAL claims as well. *See Robie v. Trader Joe's Co.*, No. 20-cv-7355-JSW, 2021 U.S. Dist. LEXIS 117336, 2021 WL 2548960, at *6 (N.D. Cal. June 14, 2021). A plaintiff may plead claims for equitable relief in the alternative

25cv0140-LL-AHG

at the pleading stage. *See Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022). However, the "plaintiff must, at a minimum, plead that [ ]he lacks adequate remedies at law if [ ]he seeks equitable relief." *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021).

Here, Plaintiff argues in one sentence that he is entitled to plead his equitable claims in the alternative. ECF No. 16 at 25. He is correct in principle, however, he misses the point. Plaintiff fails to plead or otherwise explain how he lacks an adequate remedy at law. *See* FAC. Accordingly, to the extent Plaintiff seeks equitable relief, his claims are subject to dismissal because he fails to plead that an adequate remedy at law is unavailable. *See also, e.g.*, *Sonner*, 971 F.3d at 844; *Freund v. HP, Inc.*, No. 22-cv-03794-BLF, 2023 U.S. Dist. LEXIS 7187, 2023 WL 187506, at *6 (N.D. Cal. Jan. 13, 2023) (granting motion to dismiss claims for equitable relief because plaintiffs failed to plead a lack of an adequate remedy at law). Therefore, the Court **GRANTS** Patagonia's Motion on this basis.

### E.    Leave to Amend

Where a motion to dismiss is granted, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto*, 957 F.2d at 658 (quoting S*chreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, the Court may deny leave to amend where doing so would be futile. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401. Here, Patagonia asks the Court to dismiss Plaintiff's claims with prejudice, pointing to the fact that Plaintiff has already amended once in response to Patagonia's motion to dismiss Plaintiff's original Complaint. ECF No. 15 at 31. However, because Plaintiff seeks leave to amend to cure the deficiencies, ECF No. 16 at 25–26, and because the Court cannot say amendment would be entirely futile, the Court grants Plaintiff leave to amend to the extent it has not been dismissed with prejudice above.

///

///

25cv0140-LL-AHG

## V.    CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Patagonia's Motion to Dismiss. Namely, the Court **GRANTS** Patagonia's Motion and **DISMISSES** Plaintiff's common law claims (Claims 1, 2, 3, and 4). Additionally, the Court **GRANTS** Patagonia's Motion and **DISMISSES** Plaintiff's claims to the extent he seeks equitable relief for failure to plead he lacks an adequate remedy at law. The Court **DENIES** the remainder of Patagonia's Motion.

Dismissal is with leave to amend to the extent discussed above. Should Plaintiff wish to file a second amended complaint curing the deficiencies noted in this order, he must do so on or before **April 21, 2026** and pursuant to the undersigned's Civil Chambers Rules requiring a red-lined version as an attachment. Patagonia may then respond within the time prescribed by Federal Rule of Civil Procedure 15. Any defendants not named and any claim not realleged in the amended complaint will be considered waived. *See* Civ.L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated:  March 31, 2026

_____

Honorable Linda Lopez
United States District Judge

21

25cv0140-LL-AHG