

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ORONA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PATAGONIA, INC.,<br><br>Defendant. | Case No. 25cv0140-LL-AHG<br><br>**ORDER GRANTING MOTION FOR CLARIFICATION AND LEAVE TO AMEND**<br><br>[ECF No. 27] |

Before the Court is Plaintiff Joshua Orona's motion seeking clarification of the Court's March 31, 2026 Order Granting in Part Defendant Patagonia, Inc.'s Motion to Dismiss First Amended Complaint [ECF No. 21]. ECF No. 27. Plaintiff also requests to re-open the period allowed to him to amend his pleadings if the Court clarifies that any claims Plaintiff construed as viable are dismissed. *Id.* at 7. Defendant Patagonia, Inc. filed an Opposition [ECF No. 30], and Plaintiff filed a Reply [ECF No. 31].

"Although no specific Federal Rule of Civil Procedure explicitly governs motions for clarification, courts have recognized and granted such motions when appropriate." *LBF Travel Mgmt. Corp. v. Derosa*, No. 20-cv-2404-MMA-SBC, 2025 U.S. Dist. LEXIS 69882, at *7 (S.D. Cal. Apr. 11, 2025) (citation omitted). Clarification is warranted when

25cv0140-LL-AHG

the parties are "uncertain about the scope of a ruling" or when the ruling "is reasonably susceptible to differing interpretations." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99–100 (D.D.C. 2018).

The Court clarifies as follows:

1. Plaintiff's common law claims (Claims 1, 2, 3, and 4) were dismissed. ECF No. 21 at 13.

2. To the extent that Plaintiff seeks to pursue a negligent misrepresentation claim pursuant to California law (Claim 2), the Court dismissed it with prejudice. *Id.* at 14.

3. The Court granted Patagonia's motion to dismiss claims for equitable relief. *Id.* at 20.

Because the Court granted Patagonia's motion to dismiss claims for equitable relief [ECF No. 15 at 29–30], the causes of action that provide only equitable relief—such as injunctive relief, restitution, or disgorgement—were therefore dismissed. Those claims are Plaintiff's claims for unjust enrichment, FAL violations, and UCL violations (Claims 4, 6, 7, and 8). Plaintiff's CLRA claim survives (Claim 5), but only to the extent that it seeks legal (not equitable) remedies.

Regarding the common law claims, the Court stated that "*to the extent that Plaintiff seeks to press his common law claims pursuant to California law*, the Court addresses Patagonia's arguments." ECF No. 21 at 13 (emphasis added). Therefore, Plaintiff's common law claims remained dismissed for failure to identify the applicable law governing those claims. *Id.* at 12–13. Plaintiff was given leave to amend his complaint to cure any deficiencies. *Id.* at 20.

Accordingly, the claim that survived Patagonia's motion to dismiss is violation of California's CLRA (for legal remedies only).

Once a party has served its pleading, there is a short period of time when the party may amend it once as a matter of right. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or permission from the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice

25cv0140-LL-AHG

so requires." *Id.* This policy should be applied with "extreme liberality" to reflect the underlying purpose of Rule 15 "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court finds it reasonable and not indicative of bad faith that Plaintiff construed certain claims as viable because this order did not expressly state which claims survived. Not every ruling requires such express language in order to be unambiguous, but the Court finds it reasonable here. The Court does not find undue delay or prejudice to Defendant because this case is in it early stages, no discovery has been taken, and the pretrial scheduling order has not yet been issued. Accordingly, the Court **GRANTS** Plaintiff's request to re-open the period allowed to him to file a second amended complaint curing the deficiencies noted in the March 31, 2026 Order as follows:

1. On or before **July 23, 2026**, Plaintiff may file a second amended complaint during the deficiencies noted in the March 31, 2026 Order and pursuant to the undersigned's Civil Chambers Rules requiring a red-lined version as an attachment. Any defendants not named and any claim not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

/ / /

/ / /

/ / /

/ / /

25cv0140-LL-AHG

2.    Patagonia may respond within the time prescribed by Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED**.

Dated:  July 17, 2026

_____

Honorable Linda Lopez
United States District Judge

25cv0140-LL-AHG