UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSHUA ORONA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PATAGONIA, INC.,

Defendant.

Case No.: 25cv140-LL-AHG

**ORDER:**

**(1) GRANTING PATAGONIA'S EX PARTE APPLICATION TO EXCUSE PATAGONIA'S LATE FILING** [ECF No. 38];

**(2) DENYING PLAINTIFF'S EX PARTE MOTION TO STRIKE DEFENDANT'S UNTIMELY FILING** [ECF No. 37]

On August 7, 2026, Defendant Patagonia, Inc. filed an Ex Parte Application to excuse its one-day delay in filing its motion to dismiss Plaintiff Joshua Orona's second amended complaint. ECF No. 38. Counsel for Defendant contends that their response was due on August 6, 2026, but was instead filed on August 7, 2026 due to counsel's excusable neglect in calendaring the deadline on the wrong day due to an inadvertent calendaring error. *Id.* at 4; ECF No. 38-2, Declaration of Meegan Brooks ("Brooks Decl."), ¶ 3. Defense counsel attests that she discovered the filing error on August 7, 2026, after the motion to dismiss was filed. Brooks Decl. ¶ 3; ECF No. 37-1, Declaration of Leslie L. Pescia, ¶ 8

(attesting that defense counsel attempted to call her an hour after filing Defendant's motion to dismiss). She left Plaintiff's counsel a voicemail and text message explaining the issue and then filed the instant Ex Parte Application when opposing counsel declined to stipulate to allow the late filing. Brooks Decl. ¶¶ 4–7. Also on August 7, 2026, Plaintiff filed an Ex Parte Motion to strike Defendant's untimely filing. ECF No. 37.

If a deadline has passed, Federal Rule of Civil Procedure 6(b) states that generally "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit has held that, for purposes of Rule 6(b), "excusable neglect" is appropriately analyzed under the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996)) ("[T]his court [has] held that the Supreme Court's analysis of 'excusable' neglect in *Pioneer* is applicable to Rule 6(b) . . . ."). Under *Pioneer*, a "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

Applying the *Pioneer* factors here, the Court finds Defendant demonstrated excusable neglect. Although the case was initiated about a year and a half ago, the one-day delay is short and will have little impact on the proceedings, which are still in its early stages such that discovery has not yet begun. Plaintiff argues that he "will be prejudiced by Defendant's attempt to continually delay this litigation" but provides no evidence of intentional delay. ECF No. 37 at 3. The cause of the delay appears to be an honest mistake, and there is no indication that Defendant did not act in good faith. Although Plaintiff will need to respond to Defendants' motion to dismiss, the Court finds on balance that the

mistake was neglectful, but not intentional nor made in bad faith, and is therefore excusable. *See Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004) (en banc) (affirming a district court's finding of excusable neglect after the district court applied the *Pioneer* factors when a calendaring error due to carelessness resulted in a notice of appeal that was filed thirty days late in a case that had been in litigation for more than fifteen years); *Perez-Denison v. Kaiser Found. Health Plan of the Nw.*, 868 F. Supp. 2d 1065, 1079 (D. Or. 2012) ("Even when an actor *knowingly* misses a deadline but acts in good faith without any intention to prejudice the opposing party, manipulate the legal process, or interfere with judicial-making, the actor's delay is neglectful, but not intentional, and thus may be excusable." (internal quotation marks and citation omitted)).

Accordingly, the Court **GRANTS** Defendant's Ex Parte Application and excuses its late filing. The Court **EXTENDS** the remaining briefing deadlines by one day as follows: (1) any opposition is due by **August 28, 2026**, and (2) any reply is due by **September 4, 2026**. Plaintiff's Ex Parte Motion to strike the motion to dismiss as untimely is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Honorable Linda Lopez
United States District Judge